# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNETTA M. ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-435-RAW-SPS |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of the Social ) | |
| Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Johnetta M. Adams requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security

---

[1] On June 4, 2019, Andrew M. Saul became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Mr. Saul is substituted for Nancy A. Berryhill as the Defendant in this action.

Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423(d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was forty-two years old at the time of the administrative hearing (Tr. 42). She completed eleventh grade and has no past relevant work (Tr. 35-36, 49). The claimant alleges that she has been unable to work since April 5, 2007, due to seizures, suicidal thoughts, and depression (Tr. 242).

## Procedural History

On July 25, 2017, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 211-22). Her applications were denied. ALJ B.D. Crutchfield conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated July 2, 2019 (Tr. 12-22). The Appeals Council denied review, so the ALJ's written opinion represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She found that the claimant had the residual functional capacity ("RFC") to perform the full range of work

at all exertional levels with the following nonexertional limitations: (i) understanding and remembering short and simple instructions; (ii) sustaining concentration, persistence, and pace to complete simple tasks; (iii) interacting appropriately with co-workers and supervisors in a setting with limited personal demands; and (iv) adapting to routine changes in a work place with some forewarning (Tr. 16). The ALJ then concluded that although the claimant had no past relevant work, she was nevertheless not disabled because there was work she could perform in the national economy, *e. g.*, janitor, laundry worker, and hand packager (Tr. 20-22).

## Review

The claimant contends that the ALJ erred by failing to: (i) evaluate all of her impairments at step two, (ii) properly evaluate the opinion of consultative examiner Dr. Rippy, and (iii) pose a hypothetical question to the vocational expert ("VE") that included all of the RFC limitations. The undersigned Magistrate Judge agrees with the claimant's second contention, and the decision of the Commissioner should therefore be reversed and the case remanded for further proceedings.

The ALJ found the claimant had the severe impairments of bipolar disorder and trauma related disorder, but that her alleged seizures were not medically determinable (Tr. 15). The relevant medical evidence reveals that the claimant received inpatient mental health treatment at Tulsa Center for Behavioral Health ("TCBH") from June 14, 2017, through June 22, 2017, after she attempted suicide while highly intoxicated (Tr. 390-402, 622-42). Upon discharge, she was assessed with alcohol use disorder and major depressive

disorder with suicidal ideation and referred for outpatient treatment (Tr. 623-24, 636-37).[3] Thereafter, providers at Family & Children's Services ("FCS") treated the claimant for major depressive disorder, anxiety not otherwise specified, and cocaine and alcohol use disorder through August 2017 (Tr. 681-749).  The claimant's mental status examinations at these appointments were generally normal despite an occasional anxious and/or depressed mood (Tr. 713, 717, 719, 722, 724, 726, 728, 731, 734, 737).  Providers at Green Country Behavioral Health Services ("GCBH") managed the claimant's psychotropic medications from October 2017 through November 2017 and these treatment notes also reflect normal mental status examinations (Tr. 599-610).

On November 30, 2017, Alyssa Rippy, Ph.D. conducted a consultative mental status examination of the claimant (Tr. 563-65).  She diagnosed the claimant with bipolar I disorder, recurrent, most recent episode depressed, severe, with anxious distress, with mild psychotic features; specific trauma related disorder; alcohol use disorder; and cocaine use disorder per history (Tr. 565).  Dr. Rippy opined that the claimant would likely have: (i) moderate issues coping and adapting to a workplace environment due to depression, (ii) moderate difficulty with attention and concentration, and (iii) decreased productivity (Tr. 565).  She further opined that the claimant would have mild to moderate difficulty interacting with others effectively due to anxiety and social withdrawal secondary to depression (Tr. 565).

---

[3] The record contains only the first page of the Discharge Summary from TCBH (Tr. 622).

State agency psychologist Ryan Jones, Ph.D. completed a mental RFC assessment on December 5, 2017, and found the claimant moderately limited in her ability to understand, remember, and carry out detailed instructions, maintain attention and concentration for extended periods, interact appropriately with the general public, and respond appropriately to changes in the work setting (Tr. 68-70). Dr. Jones explained that the claimant could understand and remember short and simple instructions, sustain concentration, persistence, and pace to complete simple tasks, interact appropriately with co-workers and supervisors in a setting with limited interpersonal demands, and adapt to routine changes in the work place with some forewarning (Tr. 70). Dr. Jones' findings were affirmed on review (Tr. 105-08).

At the administrative hearing, the ALJ elicited testimony from a VE to determine if there were jobs a hypothetical person could perform with the following limitations:

> Assume someone of the same age, education, and past work, but mentally, this person appears capable of performing simple, unskilled, repetitive assignments and tasks in a setting with limited public interaction. Physically, this person has the ability to lift or carry 50 pounds occasionally, 25 pounds frequently. They can sit, stand, or walk six hours out of an eight-hour day with normal breaks. Push/pull is limited to 50 pounds occasionally, 25 pounds frequently. And no other limitations.

(Tr. 49). The VE testified that such person could perform the jobs of janitor, DICOT § 381.687-018, laundry worker, DICOT § 361.684-014, and hand packager, DICOT § 920.587-018 (Tr. 49-50).

In her written opinion, the ALJ summarized the claimant's hearing testimony and some of the medical records. In discussing the opinion evidence, the ALJ rejected Dr. Rippy's consultative opinion because she suggested limitations related to the claimant's

depression but did not include depression as a diagnosis (Tr. 19). After finding the state agency psychologists' opinions persuasive, the ALJ adopted them in their entirety as the RFC set forth above (Tr. 19-20). The ALJ then adopted the VE's testimony that the claimant could perform the jobs of janitor, laundry worker, and hand packager (Tr. 21).

The claimant contends that the ALJ erred in evaluating Dr. Rippy's consultative opinion and the undersigned Magistrate Judge agrees. For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. Under these rules, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the persuasiveness of all medical opinions and prior administrative medical findings by considering a list of factors. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors are: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors and the ALJ must explain how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how the other factors were considered. *Id.* However, when the ALJ finds that two or more medical opinions or prior

administrative findings on the same issue are equally well-supported and consistent with the record but are not exactly the same, the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

In this case, the ALJ extensively recounted Dr. Rippy's opinion but summarily rejected it because Dr. Rippy identified depression-related functional limitations without diagnosing the claimant with depression (Tr. 19).[4] In making such finding, however, the ALJ ignored Dr. Rippy's notation immediately following her bipolar disorder diagnosis that indicated the claimant's most recent episode was depressed and her statement that the claimant continued to report symptoms of depression despite treatment for bipolar disorder (Tr. 565). The ALJ further neglected to mention evidence that was consistent with Dr. Rippy's opinion, *e. g.,* the claimant's assessment of major depressive disorder with suicidal ideation at discharge from Tulsa Center for Behavioral Health in June 2017 as well as her subsequent outpatient treatment for major depressive disorder at Family & Children's Services and Green Country Behavioral Health Services (Tr. 599-614, 636-37, 681-749). It was error for the ALJ to ignore this probative evidence. *See, e. g., Hardman v. Barnhart*,

---

[4] Although the claimant did not raise the issue on appeal, it is clear from the record that the ALJ failed to compare Dr. Rippy's opinion with "the evidence from other medical sources and nonmedical sources in the claim" as required by 20 C.F.R. §§ 404.1520c(b)(2), 404.1520c(c)(2), 416.920c(b)(2), 416.920c (c)(2). *See Swineheart v. Saul,* 2020 WL 6878356, at *5 (W.D. Okla. Nov. 23, 2020) ("[T]he ALJ completely failed to discuss the 'consistency' of Dr. Rouse's opinion with other medical opinions. Instead, at step four, the ALJ only stated that Dr. Rouse's opinion was 'not . . . consistent with the evidence . . . or . . . [a] disability.' But the ALJ did not compare Dr. Rouse's opinion with 'the evidence from other medical sources and nonmedical sources in the claim,' as he was required to do."), *citing* 20 C.F.R. [404 §] § 1520c(b)(2), (c)(2). Because the undersigned Magistrate Judge is recommending the Commissioner's decision be reversed on other grounds, the ALJ should perform this analysis on remand.

362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."). *See also Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'") [citation omitted]. *See also Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence that he rejects.") [citation omitted]. This was a significant omission not only because the claimant alleged depression as a disabling impairment, but also because Dr. Rippy identified limitations (moderate issues coping and adapting to a work place and decreased productivity) inconsistent with the RFC that directly affect the claimant's ability to work as evidenced by the VE's testimony that a loss of productivity in excess of ten percent would preclude all employment (Tr. 50).

Because the ALJ failed to properly evaluate Dr. Rippy's opinion, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. If such analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus

RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 26th day of January, 2021.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**